825 F.2d 406
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John D. FRONEBERGER, Plaintiff-Appellant,
v.
CHARLESTON'S SEAFOOD RESTAURANT, Defendant--Appellee.
 No. 87-1006
 United States Court of Appeals, Fourth Circuit.
 Submitted June 24, 1987.
Decided July 31, 1987.
 
 John D. Froneberger, appellant pro se.
 Before PHILLIPS, MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Froneberger appeals the district court's dismissal of his complaint, premised on Froneberger's failure to pay the required filing fee.
 
 
 2
 On October 8, 1986, Froneberger petitioned the court to allow him to proceed in forma pauperis. The court assessed a partial filing fee of $40.80, 15% of the amount Froneberger had received in September from his former job. Froneberger wrote the court that he was unemployed and 'financially stranded,' thus unable to pay the fee. The court concluded that the fee was properly assessed and dismissed the complaint due to the failure to pay the fee. Froneberger appeals.
 
 
 3
 Under 28 U.S.C. Sec. 1915(a) a court may waive fees and costs of persons who are unable to pay the required costs. However, a potential litigant does not have to be 'absolutely destitute to enjoy the benefits of the statute.' Adkins v. E. I. Dupont DeNemours & Co., 335 U.S. 331, 339 (1948). Rather, 'an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life." Id. To construe the statute otherwise would be to 'throw its beneficiaries into the category of public charges.' Id.
 
 
 4
 The district court relied on the decision in Evans v. Croom, 650 F.2d 521 (4th Cir. 1981), cert. denied, 454 U.S. 1153 (1983), in assessing the 15% fee in this case. In Evans this Court held that in cases where a prisoner seeks to proceed in forma pauperis 15% of the amount deposited to his inmate trust account during the preceding six months may be assessed as filing fees. Id. In approving this standard in Evans we noted that a prisoner is 'assured of the necessities of life, housing, food, clothing and medical care at state expense. His financial needs are thus not similar to those of a person in ordinary life. Id. at 523 (emphasis added).
 
 
 5
 The record reveals that at the time Froneberger filed this action he was not in prison, had no funds or property, and was unemployed. The use of the Evans standard for assessing court costs was improper in this case in light of Froneberger's nonincarcerated status.
 
 
 6
 Accordingly, we vacate the judgment of the district court and remand the case for further proceedings not inconsistent with this decision. We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 7
 VACATED AND REMANDED.